[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Appellant, H. Wesley Robinson, and appellee, Diana Robinson, are the parents of H. Wesley Robinson, Jr., born August 4, 1982. The parties' dissolution decree, journalized on February 17, 1984, incorporated the parties' separation agreement, which required appellant to pay appellee child support in the amount of $2,000 per month until the child reached 21 years of age or until further order of the court. The decree further obligated appellant to pay appellee alimony (now called spousal support) of $2,300 per month.
 {¶ 2} On October 18, 1989, appellee obtained a judgment against appellant in the amount of $144,365 for spousal support arrearages from February 17, 1984 through May 10, 1989, and for child support arrearages of $112,435 from February 17, 1984 through February 9, 1989. The same judgment entry reduced appellant's child support obligation to $300 per month effective February 9, 1989.
 {¶ 3} On October 11, 1994, appellee obtained a judgment against appellant for an additional $144,900 in spousal support arrearages and an additional $900 in child support arrearages over and above the judgments rendered on October 18, 1989.
 {¶ 4} By agreed journal entry filed June 28, 1995, appellant's child support obligation was modified to $500 per month plus poundage (now processing charge), effective March 1, 1995, and was to continue "until such time as the minor child attains the age of 18 or so long as the minor child is continuously enrolled on a fulltime [sic] basis in an accredited high school or is otherwise emancipated by Ohio law or said Order is otherwise modified by this Court." By the same agreed entry, appellant's spousal support obligation was terminated effective February 28, 1995. The same entry included a judgment against appellant for $4,600 in spousal support arrearages from January 1 to February 28, 1995.
 {¶ 5} On December 7, 1999, the Franklin County Child Support Enforcement Agency ("FCCSEA") issued a termination investigation decision recommending that appellant's child support obligation be terminated effective November 15, 1999, on the basis that the minor child no longer resided with appellee. An arrearage of $3,619.16 was calculated as of December 5, 1999. FCCSEA filed an amended termination investigation decision on December 20, 1999, recommending that appellant's child support obligation be terminated November 15, 1999, based upon a finding that the minor child was no longer continuously enrolled on a full-time basis in an accredited high school. An arrearage of $3,619.16 was calculated as of December 15, 1999.
 {¶ 6} Appellant filed an objection to the December 20, 1999 decision, and, after a hearing on March 21, 2001, a magistrate recommended that FCCSEA conduct another investigation, as the previous one "include[d] a $4,600.00 judgment which should not be included because it was reduced to judgment" pursuant to the June 28, 1995 agreed entry.
 {¶ 7} After a new investigation, FCCSEA issued a termination decision and recommendation on September 6, 2001. Therein, the hearing officer found that an error had been made in the previous investigation, to wit: "[t]he court had ordered that spousal support arrears could not be included in the arrears for child support due to the fact that the spousal support arrears were reduced to judgment." The hearing officer recommended that appellant's child support obligation be terminated on May 11, 2000, due to emancipation of the minor child. The decision noted that "attached school records indicat[e] that the child was withdrawn from school on that date [May 11, 2000], prior to that time he was under the age of 19 and still considered a full-time student at an accredited high school." An arrearage of $115,260.64 was established as of July 30, 2001.
 {¶ 8} FCCSEA filed an amended termination decision and recommendation on October 5, 2001, identical to the September 6, 2001 decision, with the exception that an arrearage of $6,846.19 was established as of July 30, 2001. The arrearage calculation included $4,920.55 in spousal support and $1,925.64 in child support. The hearing officer found that the $4,920.55 spousal support arrearage represented nonadjudicated spousal support arrears that occurred "in-between the two adjudicated arrearage dates."
 {¶ 9} Appellant objected to the October 5, 2001 decision, contending, inter alia, that FCCSEA erred in including in the $4,920.55 spousal support arrearage the $4,600 arrearage that had already been reduced to judgment pursuant to the June 28, 1995 agreed entry. Appellant also maintained that FCCSEA erred in changing the effective date of child support termination from November 15, 1999 to May 10, 2000.
 {¶ 10} After a January 10, 2002 hearing, a magistrate filed a decision, adopting FCCSEA's October 5, 2001 decision and overruling appellant's objections. Accordingly, the magistrate concluded, among other things, that child support should be terminated effective May 11, 2000 due to the child's emancipation; that spousal support and child support arrearages should be established in the amount of $6,846.19 as of July 30, 2001; and that appellant should be ordered to liquidate the arrearages at the rate of $500 per month, plus processing fee. The trial court subsequently adopted the magistrate's decision. It is from this decision that appellant now appeals, raising the following two assignments of error:
 {¶ 11} "[1.] The common pleas court erred in adopting the conclusion of the magistrate that the proper termination date of the child support order was May 11, 2000.
 {¶ 12} "[2.] The common pleas court erred in adopting the conclusion of the agency and magistrate that a judgment for $4,600 should be included in the spousal support arrearage calculations."
 {¶ 13} Before addressing the merits of appellant's contentions, we note that appellee has failed to file a brief in this matter. Pursuant to App.R. 18(C), this court is permitted to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Despite this discretion, we are unable to sustain either of appellant's assignments of error.
 {¶ 14} By his first assignment of error, appellant contends that the trial court erred in adopting the magistrate's conclusion that the proper date for termination of child support was May 11, 2000.
 {¶ 15} A trial court's decision regarding termination of child support will not be disturbed on appeal absent an abuse of discretion. Booth v. Booth (1989), 42 Ohio St.3d 142, 144. A trial court abuses its discretion when it acts in an unreasonable, arbitrary or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. A reviewing court must indulge every reasonable presumption in favor of the trial court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80.
 {¶ 16} In concluding that May 11, 2000 was the proper date for termination of child support, the magistrate stated:
 {¶ 17} "* * * Although counsel indicated that the child dropped out of high school in Dublin, Ohio, around November 15, 1999 and stopped attending his new high school in Florida in February 2000, counsel cannot testify in the case, and his statements are not evidence to be considered by the magistrate. The only evidence presented regarding the childs' [sic] school enrollment on attendance was a letter attached to the September 6, 2001 administrative termination hearing decision and recommendation dated May 10, 2001, from Carl [sic] Morris, Assistant Principal, Barron Collier High School, Naples, Florida, to the parents of H. Wesley Robinson, indicating that the child had numerous unexcused absences from March 7, 2000 to May 10, 2000, and was being withdrawn from school due to non-attendance as of May 11, 2000. Since the parties' agreed entry of 6/28/95 terminated child support upon the child reaching age eighteen, or upon the child no longer being enrolled on a fulltime [sic] basis in an accredited high school, the child's attendance is not dispositive of the termination issue. He was enrolled at Barron Collier High School until May 11, 2000, and had not yet reached the age of eighteen. The terminating event occurred on May 11, 2000, when he was officially withdrawn from high school. The agency did not err in using 5/11/00 as the effective termination date of the child support order." (11/01/01 Magistrate's Decision at 2-3.)
 {¶ 18} Appellant contends that the magistrate ignored "uncontroverted" evidence that the child was dismissed from the Dublin, Ohio high school for nonattendance in September 1999 and was not enrolled in the Naples, Florida high school until January 2000, thereby creating a gap in enrollment such that the child was not "continuously enrolled on a fulltime [sic] basis in an accredited high school" as required by the June 28, 1995 agreed entry. We have found nothing in the record before us to support appellant's contention that there was any evidence before the magistrate to contradict the finding that the child was enrolled in school on a full-time basis until he was officially withdrawn from the Naples, Florida school on May 11, 2000. As noted by the magistrate, counsel's assertions at the hearing could not be considered as evidence. Further, we concur with the magistrate that the only evidence in the record regarding the child's school attendance is the May 10, 2000 letter from the assistant principal of the Naples, Florida high school, indicating that the child had been withdrawn from that school on May 10, 2000 for non-attendance. Having found no evidence to contradict the competent, credible evidence cited and relied upon by the magistrate, we cannot say that the trial court's decision adopting the magistrate's conclusion that child support should be terminated May 11, 2000, was against the manifest weight of the evidence. Accordingly, the first assignment of error is overruled.
 {¶ 19} By the second assignment of error, appellant contends that the trial court erred in adopting the magistrate's conclusion that the $4,920.55 spousal support arrearage calculation contained in FCCSEA's October 5, 2001 decision did not include the $4,600 arrearage that had already been reduced to judgment pursuant to the June 28, 1995 agreed entry.
 {¶ 20} This court's standard of review when considering a trial court's decision with regard to spousal support is whether the trial court abused its discretion. Booth, supra; Blakemore, supra, at 18.
 {¶ 21} In finding that FCCSEA's spousal support arrearage calculation was correct, the magistrate stated:
 {¶ 22} "* * * The magistrate finds that the $4,920.00 figure clearly does not represent the alimony charged for January 1, 1995 through February 28, 1995 as reduced to judgment; that it represents non-adjudicated alimony arrearages from a prior period, October 12, 1994 to December 31, 1995 as indicated in the line-by-line explanation sheet, and explained in the hearing officer's findings. Although the agency did erroneously include the $4,600 judgment in previous termination decisions of 12/7/99 and 12/20/99, as well as erroneously including a judgment for $113,335.00 in it's [sic] 9/6/01 termination hearing decision, the agency corrected both of those errors in its 10/5/01 amended decision, and the magistrate finds that no error in the agency's calculations and decision of 10/5/01 has been shown." (11/01/01 Magistrate's Decision at 3.)
 {¶ 23} In arguing that the doctrine of res judicata applies to the instant matter, appellant seems to suggest that all issues pertaining to spousal support arrearages were determined by the judgment entered on June 28, 1995. We disagree. As noted by the magistrate, the June 28, 1995 judgment pertained only to spousal support arrearages from January 1 to February 28, 1995. The $4,920.55 arrearage referenced in FCCSEA's October 5, 2001 decision represented arrearages that had not previously been reduced to judgment. The magistrate candidly acknowledged that the $4,600 judgment had been erroneously included in previous termination orders; however, the magistrate further found that such error had been corrected in the October 5, 2001 decision. We find nothing in the record to contradict the magistrate's findings on this issue. Having found no evidence to contradict the competent, credible evidence cited and relied upon by the magistrate, we cannot say that the trial court's judgment adopting the magistrate's $4,920.55 spousal support arrearage calculation was against the manifest weight of the evidence. Accordingly, the second assignment of error is overruled.
 {¶ 24} Having overruled both of appellant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
BROWN and DESHLER, JJ., concur.